UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLYDE MARION KELLEY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:25-cv-01993-CKD

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand for payment of benefits.

BACKGROUND

Plaintiff, born in 1963, applied on September 11, 2022 for DIB, alleging disability beginning June 21, 2022. Administrative Transcript ("AT") 17, 185. Plaintiff alleged he was unable to work due to severe arthritis and spinal stenosis. AT 188. In a decision dated September

/ / /

/ / /

27, 2024, the ALJ determined that plaintiff was not disabled.[1] AT 17-26. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027.
>
> 2. The claimant has not engaged in substantial gainful activity since June 21, 2022, the alleged onset date.
>
> 3. The claimant has the following severe impairment: degenerative disc disease of the lumbar spine.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert , 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

> finds that the claimant has the residual functional capacity to perform medium work except the claimant can frequently climb ramps, stairs, ladders, ropes, and scaffolds. The claimant can frequently balance, stoop, crouch, and crawl.
>
> 6. The claimant is capable of performing past relevant work as a roofer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from June 21, 2022, through the date of this decision.

AT 13-22.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ failed to provide a reviewable record; (2) the RFC was not supported by substantial evidence (various argument); (3) the ALJ failed to meet the requirements of past relevant work; and (4) the ALJ erred in discounting plaintiff's subjective symptom testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not

affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## ANALYSIS

### A. Reviewable Record

Plaintiff first claims that the ALJ failed in his duty to develop the record. He asserts that the most recent radiology report is "unreadable" and was not considered by the ALJ. (ECF No. 12 at 9.)

Although the ALJ may have a duty to develop the record in certain cases, it is plaintiff's burden to produce evidence to establish disability. 20 C.F.R. § 404.1512(a). The ALJ's duty to further develop the record is triggered where the evidence is ambiguous or inadequate to allow for proper evaluation. Mayes v. Massanari, 276 F.3d 453, 459–60 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." Tonapetyan, 242 F.3d at 1150. Where a claimant contends the ALJ failed to supplement the record, it is his burden to show prejudice. McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011).

The radiology report at issue, as it appears in the record, is difficult to read due to the poor quality of the copy. AT 30-31. Defendant points out that this September 1, 2024 MRI report of plaintiff's lumbar spine was submitted to the Appeals Council, not the ALJ, who conducted the hearing on plaintiff's claim on August 15, 2024. AT 34-50. The ALJ did not fail in his duty to "develop the record" because this single document was hard to read. Moreover, plaintiff has not shown that the radiology report establishes that he was disabled as of September 1, 2024 or any other time in the relevant period. The court will deny plaintiff's 'duty to develop' claim.

B. Residual Functional Capacity

Plaintiff makes several arguments that the assessed residual functional capacity (RFC) is not supported by substantial evidence.

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). RFC is assessed based on the relevant evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

First, plaintiff asserts that the ALJ "reject[ed] Dr. Sharma and Dr. Kirk's evaluation of sedentary and light work with circular reasoning." (ECF No. 12 at 8.) The ALJ reviewed the December 2022 opinion of consultative examiner Satish K. Sharma, M.D., who opined that plaintiff could perform sedentary work. AT 23-24; see AT 374-377. The ALJ also reviewed the December 2023 opinion of consultative examiner Dale H. Van Kirk, M.D., who opined that plaintiff could perform light work. AT 24; see AT 444-447. The ALJ discussed the consistency and supportability factors[2], which plaintiff does address, and found both opinions unpersuasive,

[2] "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015). The applicable rules provide that ALJs evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." Sam-Chankhiao v. Kijakazi, 2:20-cv-0186 DB, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022), citing Hardy v. Commissioner, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021).

for reasons the ALJ sufficiently articulated. AT 24. The ALJ noted, for instance, that Dr. Sharma "did not review X-rays of the claimant's spine" and Dr. Van Kirk "did not review lumbar X-rays." AT 24; see AT 22 (noting April 2022 MRI and October 2022 lumbar X-ray).

The ALJ also considered the opinions of the State agency medical consultants, J. Rule, M.D. and A. Cepeda, M.D., both of whom reviewed the medical record and opined that plaintiff could perform medium work. AT 23-24. The ALJ found the opinion of Dr. Rule persuasive and the opinion of Dr. Cepeda mostly persuasive, after applying the supportability and consistency factors and articulating his reasoning. AT 23-24. The ALJ found, for instance, that Dr. Rule's and Dr. Cepeda's opinions were "consistent with imaging of the claimant's lumbar spine" and with the physical examination findings of Dr. Sharma and Dr. Van Kirk. AT 23-24. Plaintiff has not shown that the ALJ erred in his evaluation of the medical opinions.

Plaintiff next argues that the ALJ "failed to address" multiple issues in determining the RFC. These include (1) the combined effect of plaintiff's limitations, (2) obesity, and (3) spinal damage and resulting pain. The ALJ considered evidence of obesity and found it not significantly limiting and nonsevere. AT 20-21. The ALJ also reviewed objective evidence of spinal damage, AT 22, finding degenerative disc disease of the lumbar spine to be a severe impairment. The ALJ considered plaintiff's testimony about "debilitating and stabbing pain that radiates to his legs and hips" and related limitations.[3] AT 21-22. The ALJ also considered the combined effect of plaintiff's limitations as required. AT 20 (finding that plaintiff had the following physical impairments: obesity, hypertension, degenerative changes of the foot, and osteoarthritis of the right shoulder), 20-21 (noting that the ALJ "considered all of the claimant's medically determinable impairments, including those that are not severe," in assessing RFC).

The court finds that the ALJ met his burden in considering the medical opinions and other evidence of plaintiff's ability to meet the requirements of work. Plaintiff has not shown error on any of the issues discussed above.

////

[3] The ALJ found plaintiff's testimony less than fully credible, which is the subject of a separate claim, below.

C. Subjective Symptom Testimony

Plaintiff claims that the ALJ erred in discounting his testimony of low back pain and related physical limitations.

At the August 2024 hearing on his claim, plaintiff testified that he was 60 years old and had stopped working as a roofer in June 2022 due to back pain. AT 35-36. Plaintiff testified that he had pain every day; it was aggravated by walking and standing and relieved by sitting down. AT 37. Plaintiff testified that he had been told to lose 50 pounds before he could have disc fusion surgery. AT 38-39. Plaintiff testified that he could stand for ten minutes and walk 100 feet before needing to sit down due to back pain. AT 39. Plaintiff testified that his daughter lived nearby and he often visited his grandchildren, aged two and five, and babysat them for two or three hours at a time. AT 41-42, 44. He testified that he had been using a mobility scooter as needed for at least two years. AT 45. Plaintiff testified that he took the anti-inflammatory drug Naproxen every day and had undergone physical therapy for his back pain, but neither helped. AT 43. He testified that he had daily pain from arthritis in his neck and was most comfortable sitting or lying down. AT 44.

The ALJ found that plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AT 23. The ALJ continued:

> While the claimant indicated that he had significant walking difficulties, he was repeatedly observed to ambulate without an assistive device. Further, Dr. Van Kirk observed that the claimant was able to squat about two thirds of the way down and take a step while a straight leg raise was negative. His allegations are also inconsistent with imaging of the spine, which does not show findings in line with the claimant's reported limitations. Further, his allegations are inconsistent with the recommended treatment of weight loss, while spinal surgery was not recommended. In addition, the claimant's allegations are inconsistent with his own reported activities. Dr. Van Kirk noted that the claimant drove himself to the examination. The claimant told Dr. Van Kirk that he could stand, walk, and sit for between twenty and thirty minutes, while he does not use a brace as none have been prescribed to him. Testimony shows that he could lift up to 50 pounds, sit for unlimited periods, do dishes and laundry, and care for his grandchildren multiple hours per day including bathing, feeding, and changing diapers.

AT 23 (record citations omitted).

1. Legal Standard

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); see also Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).

When discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so." Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert, 980 F.3d at 1277–78. This standard does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony[.]" Lambert, 980 F.3d at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific

boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. Id. at 1277–78.

2. Discussion

Here, the ALJ found plaintiff capable of performing medium work, specifically, past relevant work as a roofer. AT 25. A full range of medium work requires standing or walking for approximately six hours of an eight-hour workday. The vocational expert (VE) testified that the job of roofer, DOT 866.381-010, was medium work, heavy as performed. AT 46. As defined by the Dictionary of Occupational Titles, the job also requires frequent balancing, stooping, kneeling, crouching, lifting up to 50 pounds occasionally, and up to 20 pounds frequently.

The ALJ made no alternative finding that, if plaintiff could not work as a roofer, he could perform a less physically demanding job. Rather, it was noted at the hearing that a RFC for "anything under medium" would result in plaintiff being classified as disabled under the Grids. AT 47. As the ALJ acknowledged: "[I]t's either medium or disabled." AT 47.

Despite plaintiff's testimony that he could only stand/walk for a short time and had to use a mobility scooter to "go further than to the truck" (AT 45), the ALJ found him capable of returning to work as a roofer. This means that plaintiff's testimony about pain was almost entirely discounted. The question is whether the ALJ's reasons for reaching this conclusion were legally sufficient.

The ALJ first noted that plaintiff "was repeatedly observed to ambulate without an assistive device." AT 23. A June 2022 progress note stated that plaintiff was "able to walk from waiting area to procedure room unassisted." AT 270. A December 2022 exam report by Dr. Sharma noted that he "walks with a limp in the lower right extremity," could not do toe walking and heel walking, and "[d]id not use any assistive device to walk." AT 376. A December 2023 exam report by Dr. Van Kirk noted that he "walks around the examination room . . . without difficulty" and "take[s] a short walk outdoors every day." AT 445. While this evidence shows that plaintiff can walk for short periods unassisted, as he testified, none of it suggests he can stand or walk for six hours a day (and was merely pretending otherwise). Likewise, the fact that plaintiff could "squat about two-thirds of the way and [take] a step" (AT 446) does not discredit his testimony that he

can only stand/walk for a short time due to back pain.

The ALJ next wrote that plaintiff's allegations were "inconsistent with imaging of the spine, which does not show findings in line with [his] reported limitations." AT 23. The ALJ did not explain the inconsistency. At any rate, "lack of supporting medical evidence cannot form the sole basis for discounting . . . symptom testimony." Blasl v. O'Malley, No. 1:22-cv-01374-BAM, 2024 WL 584075, *7 (E.D. Cal. Feb. 13, 2024); see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Robbins v. Comm'r of Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (holding ALJ may not disregard claimant's testimony "solely because it is not substantiated by objective medical evidence").

The ALJ next found plaintiff's testimony "inconsistent with his own reported activities," including driving, being able to lift up to 50 pounds, sitting for unlimited periods, doing dishes and laundry, and babysitting his grandchildren. AT 23. However, none of these activities, as described by plaintiff, suggest an ability to perform the stand/walk requirements of medium work. See, e.g., AT 40 (plaintiff's testimony that he can do "not much" housework because he can only stand for ten minutes), AT 42 (plaintiff's testimony that he babysits his grandchildren for short periods of time at home).

Also on the issue of credibility, the ALJ found that plaintiff's "allegations are inconsistent with the recommended treatment of weight loss, while spinal surgery was not recommended." AT 23, citing AT 370. This evidence of conservative treatment may be said to debunk, to some extent, plaintiff's pain testimony. The ALJ also noted plaintiff's statement to Dr. Van Kirk that "he could stand, walk, and sit for between twenty and thirty minutes" as a prior inconsistent statement. AT 23; compare AT 39 (testimony that plaintiff can stand for 10 minutes, walk 100 feet, and "sit all day"). This too may reasonably discredit plaintiff's testimony to some degree.

However, overall, the ALJ's finding that plaintiff wildly exaggerated his pain-related stand/walk limitations, such that he could perform medium work, is not supported by substantial evidence. Plaintiff is entitled to summary judgment on this basis.[4]

[4] The court does not reach the remaining claim.

REMEDY

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Remand for payment of benefits is appropriate where the ALJ erred in discrediting evidence and, absent any outstanding issues to be resolved, it is clear from the record that the ALJ would be required to find the plaintiff disabled were such evidence credited. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Here, had plaintiff's pain-related testimony been credited to any degree, he would have been found disabled. The record has been fully developed. For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for immediate payment of benefits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is granted.
2. The Commissioner's cross motion for summary judgment (ECF No. 18) is denied.
3. This action is remanded to the Commissioner for immediate payment of benefits.

Dated: August 11, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/kell1993.dib.ckd